# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

**UNITED STATES OF AMERICA,**

      **Plantiff,**

                                  **Case No. 3:08-CR-166**

**-vs-**

                                  **Judge Thomas M. Rose**

**DOMINIC JOSEPH MAGA**

      **Defendant.**

---

**ENTRY AND ORDER GRANTING IN PART AND OVERRULING IN PART DOMINIC JOSEPH MAGA'S MOTION FOR DISCOVERY (DOC #16); AND OVERRULING DOMINIC JOSEPH MAGA'S MOTION FOR BILL OF PARTICULARS (DOC #17); MOTION IN LIMINE (DOC #18), MOTION IN LIMINE (D0C #22); AND MOTION FOR THE COURT TO RULE ON MOTIONS (DOC#23).**

---

On November 25, 2008 a nine count indictment against the Defendant was entered. The indictment included four counts of attempt to evade and defeat tax in violation of 26 U.S.C. §7201 for the tax years 2003 through 2006 and five counts of willful failure to file income tax return in violation of U.S.C. §7203 for the tax years 2002 through 2006. As a result the Defendant was arraigned on December 12, 2008.

On February 19, 2009 the Defendant filed three motions; a Motion for Discovery (Doc #16), a Motion for a Bill of Particulars (Doc #17), and a Motion in Limine (Doc #18). The Government responded to the Motion for Discovery (Doc #19) and Motion in Limine (Doc #20) on March 26, 2009. Subsequently, the Defendant filed a second Motion in Limine (Doc #22), and a Motion for the Court to Rule on Motions (Doc #23) on May 7, 2009 to which the Government responded on May 22, 2009, (Doc #25).

Now before the Court is the Defendant's Motion for Discovery (Doc #16), Motion for a Bill of Particulars (Doc #17), Motion in Limine (Doc #18) filed on February 19, 2009 ("MIL #1"), Motion in Limine (Doc #22) filed on May 7, 2009 ("MIL #2"), and Motion for the Court to Rule on Motions (Doc #23). The motions will be discussed seriatim.

## ANALYSIS

### I. MOTION FOR DISCOVERY (DOC #16)

The Federal Rules of Criminal Procedure provide that the government must allow, upon the defendant's request, the examination of documents, records, and other types of evidence within the custody, possession, and control of the government if the evidence is to be used as evidence-in-chief at trial, is material to a proper defense, or the material was obtained from the defendant. Additionally, the Supreme Court has held that the government violates a defendant's due process when it suppresses evidence that is material to the guilt or punishment of the defendant, regardless of good or bad faith. *Brady v. Maryland*, 373 U.S. 83 (1963).

With the Motion for Discovery the Defendant requested four categories of information: (A) the personnel files of all witnesses the Government intends to call at trial; (B) the specific Internal Master Files ("IMF's") and the charged affirmative acts of concealment; (C) all communications between the ("Internal Revenue Service") IRS and the Defendant, all documents obtained by the IRS from Prudential Securities, all documents obtained by the IRS from Lynne Schweller of Schweller & Associates; and (D) the Department of Justice Letter authorizing prosecution or investigation by ("Criminal Investigation Division") CID, the Criminal Reference Letter from the IRS recommending prosecution, and the Request for Grand Jury Investigation. These requests will be discussed as previously mentioned.

### A. PERSONNEL FILES

First, the Defendant requested an examination of the personnel files of all witnesses the Government intends to call at trial. The Defendant supported this motion by citing the Ninth Circuit's holding that personnel files of arresting officers are discoverable if they are specifically requested by the Defendant, examined by the Government or the Court in camera, shown to possess favorable information to the defense, and meet the appropriate standards of materiality. *United States v. Henthorn*, 931 F.2d 29, 33 (9th Cir. 1991).

The Sixth Circuit, on the other hand, has declined to allow discovery of the testifying officer's personnel file for impeachment purposes supported simply by speculation. *United States v. Driscoll*, 970 F.2d 1472 (6th Cir. 1992). The Defendant in *Driscoll* was a convicted felon and was charged with unlawful possession of a firearm. Prior to trial the Defendant requested the personnel file of the officer scheduled to testify against him, claiming that the information was necessary to allow the jury to fully weigh the parties' credibility. The District

Court, however, did not find this to be sufficient evidence and denied his claim. The Sixth Circuit upheld this ruling, holding unfounded speculation by the Defendant that personnel files of a testifying officer may contain material evidence is not sufficient to order discovery. *Id*. *See also* United *State v. Andrus*, 775 F.2d 825, 843 ( 7th Cir. 1985); *United States v. Pitt*, 717 F.2d 1334, 1338-39 (11th Cir. 1983).

Thus, a defendant must provide some basis beyond speculation for his request in order to meet his burden and satisfy the requirements of *Driscoll*.

In the present case the Defendant has not sufficiently supported his request. The Defendant's motion does not raise any support for his request for the personnel files other than citing *Henthorn*. Additionally, the Defendant further acknowledged at the Hearing on the Motion on May 26, 2009, this lack of support by stating that such a request had become routine. On these facts, the Court is unable to find any support for the Defendant's request for the personnel files of all witnesses the Government intends to call at trial to satisfy the requirements of *Driscoll*.

Therefore, the Defendant's request for the personnel files of all witnesses the Government intends to call at trial is overruled, consistent with the Sixth Circuit's ruling.

### B. IMF'S

The Defendant also requested the IRS's IMFs for the tax years 2002-2006 and the alleged affirmative acts. In response the Government provided the IMF transcripts for the tax years 2002 through 2006 as well as "detailed listing of representative affirmative acts of evasion committed by the Defendant relevant to Counts one through four of the Indictment." (Doc #25). As such the

affirmative acts will not be discussed as they have been disclosed by the Government. However, at the Hearing on the Motions it was found that the specific IMF and IMF transcript contain the same information but that the specific IMF contains more detailed information than the IMF transcript, such as the date in which the criminal investigation commenced. The Defendant argued that the additional information provided on the specific IMF was necessary to support his defense and the Government did not object. As a result the parties agreed that the specific IMF, rather than the IMF transcript, would be supplied.

Therefore, consistent with the parties agreement at the Hearing on the Motions, the Court grants the Defendant's motion for discovery as to the specific IMFs for the tax years 2002-2006.

### C. COMMUNICATIONS BETWEEN THE IRS AND THE DEFENDANT, THE IRS AND PRUDENTIAL SECURITIES, AND THE IRS AND SCHWELLER & ASSOCIATES

Next the Defendant requested all communications between the IRS and himself, all documents obtained by the IRS from Prudential Securities, and all documents obtained by the IRS from Schweller & Associates. The Government's response indicated that it has provided the Defense with all communications obtained by the IRS from Prudential Securities and Schweller & Associates possessed by the IRS as well as all communications between the IRS and the Defendant.

However, during the Hearing on the Motions it was brought to the Court's attention that the IRS might be in possession of letters sent by the Defendant to the IRS prior to this criminal action. This contention was supported by the Defendant's statements that he had mailed the letters and that he had retrieved unsigned copies of these letters from his computer, though these copies were not originals. In response, the Government stated that it did not know of any letters

between the IRS and the Defendant in its possession, however, it could examine its files more closely. As a result the parties agreed, and the Court ordered, that the Government would review its records to ensure that it was not in possession of any letters between the IRS and the Defendant and provide discovery accordingly.

Therefore, consistent with the parties agreement at the Hearing on the Motions, the Court grants the Defendant's Motion for Discovery as to the communications between the IRS and the Defendant.

### D. DEPARTMENT OF JUSTICE LETTER, IRS CRIMINAL REFERENCE LETTER, AND THE REQUEST FOR GRAND JURY INVESTIGATION

The Defendant requested the Department of Justice Letter authorizing prosecution, the Criminal Reference Letter from the IRS recommending prosecution or investigation by CID, and the Request for Grand Jury Investigation. The Defendant supported this motion by citing authority which stated that these documents form the backbone of the government's evidence. The Government, on the other hand, has denied the Defendant's requests under Fed. R. Crim. P. 16(a)(2).

Rule 16(a)(2) states,

> Except as Rule 16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. §3500.

This rule exempts documents, not under Rule 16(a)(1), made in connection with the investigation that might contain the government's mental impressions, legal conclusion or theory of the case. Additionally, the Southern District of Ohio has held that Rule 16 exempts documents containing

the decision of the government to prosecute, the decision to return the indictment to a specific jurisdiction, and the guidance given by the government to enforcement officials. *United States v. Germain*, 411 F.Supp 719 (S.D. Ohio 1975). The defendant in *Germain* requested several documents relating to the government's decision to move the indictment from one jurisdiction to another as well as letters sent between the government's attorney and the enforcement agent assigned to the case. The Court held that these documents were exempt under Rule 16(a)(2), as they were made in connection with the investigation.

The requested letters and other documents claimed by the Defendant fall under the protection provided by Rule 16(a)(2). Each document was created at the outset of criminal investigation and clearly made in connection with the investigation. These documents are also similar to those in *Germain* in that they contain the Government's mental impressions or the Government's theory of the case. Moreover, the Defendant's request was not substantiated with any showing that the information is necessary or does not fall under the exemption of Rule 16(a)(2).

Therefore, the Defendant's Motion for Discovery for the Department of Justice Letter authorizing prosecution or investigation by CID, the Criminal Reference Letter from the IRS recommending prosecution, and the Request for Grand Jury Investigation is overruled as these documents are internal Government memoranda made in connection with the investigation and are exempt under Rule 16(a)(2).

## II.  MOTION FOR BILL OF PARTICULARS (DOC #17)

The Defendant argued that pursuant to Fed. R. Crim. P. 7(f) he has not been provided with sufficient information to defend himself. In response the Government has provided the Defendant with the affirmative acts for Counts one through four of the Indictment.

Rule 7(f) states,

> "The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires."

This rule serves the function of informing the defendant of the charges against him, providing him with enough information to properly defend himself, and avoiding surprise and confusion at trial. 41 Am. Jur. 2d *Indictments and Informations* § 148 (2009). The Defendant was arraigned on December 12, 2008 and moved for a Bill of Particulars on February 19, 2009 outside of the 10 day window provided by the rule. However, the text of the rule provides that it is within the courts discretion to direct the government for a bill of particulars outside of this time period as justice requires. As such it is necessary to examine the Defendant's claim in support of his motion.

The Defendant argues that §7201 creates two distinct crimes in light of the Supreme Court's precedent in *Sansone v. United States*, 380 U.S. 343 (1943), and *Spies v. United States*, 317 U.S. 492 (1943). This conclusion, however, is misguided as the Court in either case established the affirmative act necessary to prove a violation of §7201. The Court in *Spies* held that the government must prove an affirmative act in order to establish the willfulness necessary

for a violation of §7201. *Id*. at 498-99. In *Sansone* the Court found that when the government is presenting evidence of a willful affirmative act along with evidence of a willful omission the lesser included offense should be presented to the jury if there is an issue concerning the existence of an affirmative act. *Sansone*, 380 U.S. at 352. In both cases no distinction is made between the acts necessary or probative of a violation of §7201. Rather, the Court is concerned with making certain that the Defendant committed an affirmative act in order to prove the felony established under §7201 contrasted with the omission necessary for the lesser included offense. More specifically, the Court stated that the government must show, "some willful commission in addition to the willful omissions that make up the list of misdemeanors." *Spies*, 317 U.S. at 499 (1943).

Thus, a bill of particulars is only necessary to properly inform the Defendant of the charges against him and the government, in order to establish a violation of §7201, must offer evidence of an affirmative act; this showing may be accomplished through a combination of the Defendant's omissions and commissions. *See Sansone v. United States*, 380 U.S. 351.

Consequently, the Defendant has been fully informed of the charges against him as the Government provided the Defendant with the affirmative acts alleged under Counts one through four of the Indictment. Additionally, §7201 does not create separate crimes, thus, the indictment does not charge two separate offenses. Rather, the Government has offered three circumstances in which one could find that the Defendant willfully violated the statute. The Indictment states that the Defendant is charged with a violation of §7201 by two omissions; failure to file an income tax return and failure to pay taxes, and one affirmative commission of concealing or attempting to conceal his earned income.

Therefore, the Defendant's Motion for a Bill of Particulars is overruled as the Government has provided the Defendant with the specific affirmative acts alleged by counts one through four of the indictment and §7201 does not create two separate offenses.

### III. MOTIONS IN LIMINE (DOC #18; DOC #22)

The practice of ruling on motions in limine, although not specifically authorized by the Federal Rules of Evidence or the Federal Rules of Criminal Procedure, has developed pursuant to the district court's inherent authority to manage the conduct of trials. *Luce v. United States,* 469 U.S. 38, 41 n.4 (1984). The purpose of a motion in limine is to permit the Court to decide evidentiary issues in advance of trial in order to avoid delay and ensure an evenhanded and expeditious trial. *See Indiana Insurance Co. v. General Electric Co.,* 326 F.Supp.2d 884, 846 (N.D. Ohio 2004)(citing *Jonasson v. Lutheran Child & Family Services,* 115 F.3d 436, 440 (7th Cir. 1997)). Decisions on motions in limine may also save the parties time and cost in preparing for trial and presenting their cases.

Because it is almost always better situated during the actual trial to assess the value and utility of evidence, a court is reluctant to grant broad exclusions of evidence in lmine. *Koch v. Coch Industrist, Inc.*, 2 F.Supp.2d 1385, 1388 (D. Kan. 1998), *aff'd in part and rev'd in part on other grounds*, 203 F.3d 1202 (10th Cir. 2000). A court will generally not grant a motion in limine unless the moving party meets it burden of showing that the evidence in question is clearly inadmissible. *Indiana Insurance,* 326 F.Supp.2d at 846. If this showing is not made, evidentiary rulings should be deferred and resolved in the context of the trial. *Id.*

Ultimately, whether a motion in limine is granted or overruled is a matter left to the sound discretion of the trial court. *See Hesling v. CSX Transportation, Inc.*, 396 F.3d 632, 643-44 (5th Circ. 2005). The Defendant filed two motions in limine; on February 19, 2009 and May 7, 2009. These motions will be discussed seriatim.

### A. MIL #1 (DOC #18)

On December 10, 2001 the Defendant was convicted in the Village of Coldwater for failure to file income tax returns and an additional charge of filing an incomplete or false return. The Government sought to enter this evidence as proof of the Defendant's willfulness. The Federal Rules of Evidence establish the framework for admission of evidence in criminal and civil actions. The Defendant cited Rule 402, 403, and 404(b) in support of this motion. Each rule will be discussed in seriatim.

#### 1. Federal Rules of Evidence 402

The Federal Rules of Evidence layout the framework for admission of relevant evidence through several rules and their respective subparts. Rule 402 states that all relevant evidence is admissible unless it is exempt in accordance with the Constitution, an act of Congress, or these Rules. Rule 401 defines relevant as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Additionally, the relevancy of evidence "exists only as a relation between an item of evidence and a matter properly provable in the case" and evidence is "relevant if it tends to prove or to disprove a matter at issue in the case." Fed. R. Evid. 401.2.

The Defendant argues Rule 402 should preclude the admission of the prior tax conviction because it is not relevant as it took place prior to the charged acts. This contention is contradictory to the definition of relevance in Rule 401. The Defendant's willfulness, as it relates to the four charges of attempt to evade or defeat tax, is an essential element to the crimes. *Boulware v. U.S.*, 128 S.Ct. 1168 (2008). In order to establish the element of willfulness the Defendant's previous conviction is admissible to show a consistent pattern of not reporting tax returns.

Thus, the Defendant's prior conviction is probative and relevant of his alleged willfulness in the present case and admissible evidence.

### 2. Federal Rule of Evidence 403

Rule 403 provides that the court may "exclude relevant evidence when the probative value of the proffered evidence is substantially outweighed by either (1) the danger of unfair prejudice, confusion of the issues, or misleading the jury, or (2) considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.2.1. The Rules go further to explain that this power is extraordinary and must be exercised sparingly. However, the trial court is given discretion in balancing the potential risk of prejudice or delay against evidentiary value of the evidence.

The Sixth Circuit has held that in considering the admissibility of evidence under Rule 403, the court should examine the evidence in the light favorable to the proponent, maximizing its probative value and minimizing prejudicial effect. *U.S. v. Love*, 254 Fed.Appx. 511, 518 (6th Cir. 2007). In *Love* the defendant was on trial for drug trafficking and the government sought to

introduce a previous conviction for drug trafficking at trial. The Court held the evidence of the defendant's prior convictions was highly probative of his intent in the presently charged crime. In doing so the Court elaborated that a court may reduce the possible risk of prejudice by employing a strong cautionary instruction pursuant to Rule 105. *Id*.

In the present case the Defendant argued the previous conviction in the Village of Coldwater would confuse the jury as to the issues to be decided. More specifically, that the previous tax conviction may result in the jury focusing on the wrong issues or issues not related to the indictment. Aside from this speculation the Defendant is not able to provide any indication that the evidence would prejudice the jury. Applying the standard set forth in *Love* the Court is unable to conclude that this evidence would result in unfair prejudice or confusion. Moreover, the Court finds as did the Sixth Circuit, evidence of the Defendant's prior conviction is highly probative of his willfulness in the present case and that a jury is capable of properly handling the information. Additionally, the Defendant's concerns about the risk of prejudice can be alleviated through cautionary instruction pursuant to Rule 105.

Consequently, the evidence is admissible as the Rules provide a broad standard of admissibility and there is no evidence that it would confuse the jury.

### 3. Federal Rule of Evidence 404(b)

Lastly, the Defendant contended that his prior conviction in the Village of Coldwater is inadmissible by the text of Federal Rule of Evidence 404(b). Rule 404(b) states,

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident provided

>that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence if it intends to introduce at trial.

The Supreme Court has held that the threshold questions in applying 404(b) is whether the evidence will tend to prove the defendant's guilt as to issues other than character and that prior bad acts evidence is only excluded when it is offered to prove character. *Huddleston v. U.S.*, 108 S.Ct. 1496, 1501 (1988). Moreover, the Court explained that prior bad act evidence "may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct." *Id*. at 685.

In the present case the Defendant argues that 404(b), on its face, excludes the presentation of the evidence. However, the evidence of the Defendant's prior conviction is relevant to prove a pattern of under-reporting or non-reporting income and is clearly admissible under 404(b) as it is probative of the Defendant's willful intent to commit the offense. The Government, in order to prove the charged offense, must show the Defendant's willfulness and, as the Court in *Huddleston* concluded, prior bad acts may be critical to proof of the Defendant's mental state.

Therefore, the Defendant's prior conviction in the Village of Coldwater are not exempt under Rule 404(b).

### 4. CONCLUSION

Thus, the prior conviction is relevant as it relates to the Defendant's intent and admissible to show the necessary mental state of the charged offense. The Defendant's MIL #1 is, therefore, overruled.

### B. MIL #2 (DOC #22)

The Defendant filed MIL #2 to exclude evidence of the Defendant's exact tax liability from trial for two reasons. First, the Defendant is concerned that arguing the exact amount of the Defendant's possible tax liability during trial would reduce the effectiveness of any good faith defense. Second, the Defendant is concerned that if found guilty, the Court may order restitution to the IRS of any loss shown a trial, which may be unopposed at trial. The Government responded by stating that a tax deficiency is necessary to prove a violation of §7201 and indispensible to a determination of the Defendant's guilt. Additionally, the hearing on the motions the Court agreed to proceed by (1) allowing a showing of the Defendant's tax liability at trial and (2) determining the exact amount of tax liability for possible restitution at sentencing. The Defendant's concerns regarding the presentation of a tax deficiency at trail and the Court's determination of restitution will be discussed as previously stated.

### 1. TAX DEFICIENCY

The Defendant first argued that in order to properly defend himself at trial it is necessary for him to present two defenses, a good-faith defense and argue the inaccuracy of his tax liability. Each of these defenses applies to a separate element of the crime charged, income tax evasion under 26 U.S.C. §7201, a tax deficiency and willfulness. As a result of this strategy the

Defendant believes that these defenses will be counter productive to his overall success at trial because the jury will be confused.

This argument, however, does not establish the burden on the Defendant to show that the evidence would be clearly inadmissible. The Defendant has shown no cause as to why the evidence is not fit for the jury other than his assessment of the jury's capabilities. The Defendant's only evidence of impropriety is that the tax liability offered at trial is typically larger than the actual amount because the Government is not aware of the all the proper deductions. This, however, does not establish the inadmissibility of the evidence. Rather, it establishes the importance of contesting the Government's showing of the Defendant's tax liability.

Moreover, the Government must prove every element of the crime beyond a reasonable doubt to find the Defendant guilty. *Joseph v. Coyle*, 469 F.3d 441, 464 (6th Cir. 2006). In the present case, proof of the Defendant's tax deficiency is a necessary element of the crime charged. *Sansone v. United* States, 380 U.S. 343 (1965). Accordingly, the Government must prove to the jury, beyond a reasonable doubt, the Defendant's tax deficiency in order to prove the Defendant violated §7201.

Therefore, the Defendant's tax deficiency will not be excluded at trail as it is necessary element to determine the Defendant's guilt.

### 2. RESTITUTION

The second argument made by the Defendant is that the Court may order restitution to the IRS of the tax deficiency found at trial and that this amount may be unopposed. The Defendant requested that the Court delay the determination of the exact tax deficiency until sentencing to

avoid possible jury confusion pursuant to 18 U.S.C. §3664. The Court at the Hearing on the Motions stated that this procedure would be followed.

18 U.S.C. §3664(a) provides that a court may order the probation officer to obtain information regarding the amount of restitution and prepare a presentence report. This report is created to provide the Court with sufficient information to exercise its discretion in determining the Defendant's restitution. Accordingly, the Court at the Hearing on the Motions stated that this procedure would be followed in the present case.

Therefore, the Court will proceed by following the provisions of 18 U.S.C. §3664(a) to exercise its discretion in determining the Defendant's possible restitution at the time of sentencing.

### 3. CONCLUSION

The Defendant's MIL #2 is overruled because the Defendant's tax deficiency cannot be excluded from trial as it is a necessary element of the crime charged. However, the exact amount of deficiency and restitution, if any, will be determined at the time of sentencing.

### IV. MOTION FOR THE COURT TO RULE ON MOTIONS (DOC #23)

The Court has ruled on all previous motions, thus, the Defendant's Motion for the Court to Rule on Motions is moot and, therefore, overruled.

]

**SUMMARY**

The Defendant's Motion for Discovery is granted in part and overruled in part. The Court grants the Defendant's request for the specific IMF and order's the Government to more closely examine its files for any communications between the IRS and the Defendant prior to criminal investigation. The Court overrules the Defendant's request for the personnel files of all witnesses the Government intends to call at trial, the Department of Justice Letter, IRS Criminal Reference Letter, and the Request for Grand Jury Investigation. Additionally, the Court overrules the Defendant's Motion for a Bill of Particulars, Motions in Limine (MIL #1 & MIL #2), and Motion for the Court to Rule on Motions.

**DONE** and **ORDERED** in Dayton, Ohio, this Ninth day of June, 2009.

*s/Thomas M. Rose*

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE