IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE #3:08 CR 166 |
| Plaintiff, | : | JUDGE THOMAS M. ROSE |
| VS. | : | |
| DOMINIC JOSEPH MAGA | : | |
| Defendant | : | |

## DEFENDANT MAGA'S 3RD MOTION IN LIMINE

Now comes the Defendant Dominic Joseph Maga, through his counsel and pursuant to Rule 16 of the Federal Rules of Criminal Procedure and *Brady v Maryland*, 373 U.S. 83, 87 (1963) moves the Court to limit and/or exclude certain evidence the United States may attempt to introduce at trial. Support for Defendant Maga's motion *in limine* is set forth in the following Memorandum.

## MEMORANDUM

**A.  Procedural Background.**

Defendant Maga was indicted on November 25, 2008. The indictment charged him with four counts of income tax evasion in violation of 26 U.S.C. §7201 for the tax years 2003, 2004, 2005, and 2006 and with five counts of failure to file income tax returns in violation of 26 U.S.C. §7203 for the tax years 2002 through 2006.

Through the discovery process Defendant Maga discovered that certain pertinent and material evidence had not been provided to him by the government. Upon making said discovery Maga filed with the Court on February 19, 2009 a Motion for Discovery (DOC #16) in which he

requested the discovery of Individual Master Files (IMFs) and, among other requests, 1.) all communications to the IRS by Maga and from the IRS to Maga; and 2.) all Freedom of Information Act (FOIA) requests made by Maga to the IRS and its responses.

When the Court did not rule on his discovery motion Defendant Maga filed a Motion to Rule (DOC #23) on May 7, 2009. In his Motion to Rule Maga clarified that the particular type of IMF required was an "IMF Specific." After noting that the communication items requested were material to the preparation of his good faith defense regarding evidence of his intent Maga cited the legal authority for the discovery for the communications between him and the IRS. This authority included the primary cases of *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973); *Brady v Maryland*, 373 U.S. 83, 87 (1963); and *United States v. Garner*, 507 F.3d 399, 405 (6th Cir. 2007).

**B.  Requested IMF Specific Transcripts Not Provided.**

At a hearing on the motion on May 26, 2009 there was a discussion regarding the IMFs and the difference between and IMF Literal which was provided by the government and an IMF Specific which was requested by Maga. It was agreed by the parties that the government would produce the requested IMF Specific trancripts. The Court subsequently ordered the production of the IMF Specific transcripts (DOC #26).

To this date the government has not provided the IMF Specific transcripts. Instead, the government has provided a series of Command Code TXMOD (Tax Information Module) (see attached an incorporated Exhibit A)  These TXMOD documents provide even less information than the IMF Literal transcripts and contain only a selected portion of the information contained in a IMF Specific transcript.

Defendant Maga is in critical need of the IMF Specific transcript because at trial the government will introduce computer evidence to show a variety of claimed facts. The primary purpose of the computer printouts will be to attempt to establish that Maga did not file tax returns for the years indicted and to attempt to establish that he had a pattern of failing to file for the years previous to the indictment years and the years post indictment.

The computer evidence used by the government is generally considered by the courts to be presumptive evidence or *prima facie* evidence, absent evidence to the contrary presented by a defendant, See *United States v. Huff*, 10 F.3rd 1440, 1446-1447 (9th Cir. 1993) (dealing with a civil assessment). The same is true in criminal cases. In *United States v. Buford*, 889 F.2d 1406, 1407 (5th Cir. 1989) the defendant requested his IMFs in discovery and the court initially denied the request. But believing that the IMFs contained *Brady* material, the defendant asked the court to review the IMFs *in camera*. The court then required the government to produce the IMFs. The defendant was found guilty, but the case was reversed because the court failed to review the IMFs *in camera*. The *Buford* court noted in footnote #1 what an IMF contained.

> "Individual Master File ("IMF")--Every person who files a Form 1040 has, under his social security number, a file in the IRS master computer in West Virginia. The form generated by the computer is referred to as the Individual Master File ("IMF"). The IMF consists of one or more pages of coded information for each social security recipient and includes, primarily, **a breakdown of all information relevant to the tax status of the individual concerning the filing of federal income tax forms**, the payment of taxes, refunds due, filing status, number of children, dates of filings, audits, etc." (Emphasis added)

The IMF Specific transcripts contain the complete or all the information regarding a taxpayer. The IMF Literal and the TXMOD only reflect part of the complete IMF. Defendant Maga needs the complete information contained in the IMF Specific transcripts in order to cross-examine the computer evidence and/or witness which may be used by the government at trial. A denial of the evidence will create two constitutional issues. First, such a denial would create a due process

violation because such a denial would in effect be a directed verdict by the court as to the facts claimed in the computer generated evidence. The second constitutional issue would be a violation of Defendant Maga's constitutional right to confront under the 6th Amendment.

Accordingly, since the government has not provided requested IMF Specific transcripts, which Maga believes contains material and exculpatory information needed to prepare his defense and to impeach government evidence and/or witnesses, Maga respectfully moves the Court to prohibit the use of any computer generated documents derived from the IMF (IDRS – Integrated Document Retrieval System), unless government provides the IMF Specific transcripts prior to trial.

**B.  Requested Communications between Maga and the IRS Not Provide.**

Defendant Maga also requested in discovery all communications between him and the IRS. This request was based on the need to know what materials he had sent to the IRS and received from the IRS regarding his contemporaneous intent. At the hearing on the motion on May 26, 2009 there was a discussion regarding said communications and the government represented that it did not have such communications in its possession. Maga responded that government had to have the communications in its possession because he mailed them. After considering the discussion the Court granted the motion and the government said it would conduct another search. The Court subsequently ordered the production of any such communications (DOC #26).

Since the hearing the government has produced no documents of communications between Maga and the IRS. Instead, it has provided a series of documents that appears to state that various communications from Maga to the IRS were in fact received, but destroyed as being frivolous.  See attached and incorporated Exhibit B. The received date of the listed documents began on 8/18/2002 and continues through 5/16/2008. Thus, the government is claiming that the

4

communications from Maga have been destroyed. The government has given no indication that it has in its possession or will produce the communication from the IRS to Maga.

Of particular concern is the fact that Maga requested copies of all communications. The reason for the request is to discover the communications he made with the IRS that outlined his intent. These communications actually began sometime in 1997. The Court inquired whether Defendant Maga had any proof that said communications were sent by Maga to the IRS. In response Maga attempted to locate the Certificates of Mailing for the mailings he made to the IRS. While Maga was not able to locate all of them, he was able to find some. Those found are reflected in the attached and incorporated Exhibit C.

The government has not claimed that all documents were destroyed. They have only declared that they have no documents pertaining to communications between Maga and the IRS and have submitted evidence that at least some communications were destroyed.

The communications between Maga and the IRS are of vital importance to Maga. He needs these communications to allow his counsel to prepare his defense. Furthermore, Maga needs these documents to prevent a possible ambush at trial. Such an ambush would most likely occur should Maga take the stand in an attempt to testify regarding his good faith defense based on memory. Should his memory be defective, the government may produce impeachment evidence attacking his credibility. The introduction of communications at this stage made by Maga to the IRS or from the IRS to Maga would destroy his testimony if it was inconsistent with his memory.

The failure of the government to produce evidence it may have when requested by Maga, and then allow such evidence to be used to show his intent and/or to impeach his testimony is a direct violation of the *Brady* doctrine. It also prevents Maga from preparing his defense. Furthermore,

5

to allow the government to arbitrarily declare communications from Maga to the IRS as frivolous in effect takes a question of fact from the jury and allows the government to unconstitutionally determine the facts of that can be presented to the jury.

Accordingly, since the government has not provided requested communications from Maga to the IRS or from the IRS to Maga, which Maga believes contains material and exculpatory information needed to prepare his defense, Maga respectfully moves the Court to prohibit the use of any communications between Maga and the IRS, either from Maga to the IRS or from the IRS to Maga, that has not been provided to Maga prior to trial.

Dated July 22, 2009.                                            Respectfully submitted,

s/ *Charles E. McFarland*

Charles E. McFarland
Attorney at Law
338 Jackson Rd.
New Castle, Kentucky 40050
(502) 845-2754

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on the 22nd day of July, 2009, a copy of the foregoing Motion *In Limine* was filed on July 22, 2009 using the electronic court filing system, and will be distributed to the following shortly after its filing:

Dwight K. Keller
Assistant United States Attorney
Southern District of Ohio
602 Federal Building
200 West Second Street
Dayton, Ohio 45402
dwight.keller@usdoj.gov

s/ *Charles E. McFarland*

Charles E. McFarland