IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE #3:08 CR 166 |
| Plaintiff, | : | JUDGE THOMAS M. ROSE |
| VS. | : | |
| DOMINIC JOSEPH MAGA | : | |
| Defendant | : | |

## RULE 29 MOTION FOR ACQUITAL

Now comes the Defendant Dominic Joseph Maga, through his counsel and pursuant to Rule 29 of the Federal Rules of Criminal Procedure, and moves this Court to enter an order of acquittal of the August 6, 2009 jury guilty verdict of failing to file income tax returns for the years 2002 through 2006 in violation of 26 U.S.C. §7203.. Support for Defendant Maga's Rule 29 motion is set forth in the following Memorandum.

## MEMORANDUM

**A.   Procedural Background.**

Defendant Dominic Maga was indicted on November 25, 2008. The indictment charged him with four counts of income tax evasion in violation of 26 U.S.C. §7201 for the tax years 2003, 2004, 2005, and 2006 and with five counts of failure to file income tax returns in violation of 26 U.S.C. §7203 for the tax years 2002 through 2006. A jury trial began on August 3, 2009. After the government rested Defendant Maga made an oral Rule 29 motion for all nine counts. It was denied by the Court. After he rested, Defendant Maga renewed the motion and it was again denied. The jury began its deliberation on August 6, 2009 and the jury found Maga not guilty of

1

the four counts of income tax evasion, but guilty of the five counts of failing to file income tax returns. This motion is to request an acquittal of the guilty verdict on the five failure to file charges. A Rule 33 motion for a new trial is being filed concurrently with this motion.

**B. Legal standards.**

After a guilty verdict has been rendered, pursuant to FRCrP Rule 29, a defendant is permitted to file with the Court a motion for acquittal. Rule 29(c) provides as follows:

> (c) After Jury Verdict or Discharge.
>
> (1) Time for a Motion. A defendant may move for a judgment of acquittal, or renew such a motion, within 7 days after a guilty verdict or after the court discharges the jury, whichever is later, or within any other time the court sets during the 7-day period.
>
> (2) Ruling on the Motion. If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal. If the jury has failed to return a verdict, the court may enter a judgment of acquittal.
>
> (3) No Prior Motion Required. A defendant is not required to move for a judgment of acquittal before the court submits the case to the jury as a prerequisite for making such a motion after jury discharge.

A defendant is entitled to a judgment of acquittal if the evidence presented at trial is insufficient to support his conviction. When considering a Rule 29 motion the court is to follow the standard that "if the evidence, viewed in the light most favorable to the government, would allow a rational trier of fact to find the defendant guilty beyond a reasonable doubt," *United States v. McGee*, 529 F.3d 691, 696 (6th Cir. 2008), citing *United States v. Solorio*, 337 F.3d 580, 588 (6th Cir.2003).

Furthermore, the evidence supporting a jury's verdict must be substantial. See See *United States v. McKee*, 506 F.3d 225, 232 (3rd Cir. 2007), which stated,

> "We review the evidence in the light most favorable to the government. We do not reweigh the evidence or assess witness credibility. See *United States v.*

2

> *Peppers*,302 F.3d 120, 126 (3d Cir.2002). Viewed in that light, we must sustain the verdict "if a rational trier of fact could have found [the] defendant guilty beyond a reasonable doubt, and the verdict is *supported by substantial evidence*." *United States v. Coyle*,63 F.3d 1239, 1243 (3d Cir.1995)." (emphasis added)

Defendant Maga maintains that, even when the evidence is viewed in a light most favorable to the government, a rational trier of fact could not have found him guilty beyond a reasonable doubt of willfully failing to file income tax returns for the years 2002 through 2006 because there was no substantial evidence to support the verdict..

**C.   Elements of Failing to File Income Tax Returns.**

In order to prove a defendant guilty of failing to file income tax returns in violation of 26 U.S.C. §7203, the government must prove beyond a reasonable doubt the following elements:

   1.) That the Defendant was required by law or regulation to file a return of his income for the taxable year charged;

   2.) That the Defendant failed to file a return at the time required by law; and

   3.) That the Defendant's failure to file the return was willful.

See *United States v. McKee*, *supra*, 506 F3d at 244.

**D.   Evidence Insufficient to Support Verdict.**

The evidence at trial clearly indicated that Defendant Maga did not file tax returns for the years 2002 through 2006. There are two questions raised by the evidence presented at trial. Was Defendant Maga required to file? And, if he was required to file, did he willfully fail to file?

   The first question, at first glance, would appear to be answered in the positive. The jury instructions made it clear that the law requires a person who has a minimum amount of income is required to file a tax return on or about April 15th of each year. But the evidence admitted at trial seemed to indicate that Dominic Maga may not have been required to file a 1040 form per IRS representations.

The government's first witness was Mr. Powell who is an employee of the IRS. He testified that he had appeared in at least 60 cases for the IRS. Thus, he is essentially a professional witness for the IRS. Defense counsel vigorously objected to Mr. Powell's testimony based on Confrontation Clause issues. Because the Court denied the objection, defense counsel was forced to cross-examine the witness. A more detailed argument is set forth in the concurrently filed Rule 33 Motion for a New Trial. Nevertheless, Mr. Powell was cross-examined and admitted that a code "MFR-01" was found on all of Defendant Maga's Individual Master Files (IMF) from 1996 through 2006. The IMF is the master file of a taxpayer. In *United States v. Buford*, 889 F.2d 1406, FN1 (5th Cir. 1989) the court stated,

> "Individual Master File ("IMF")--Every person who files a Form 1040 has, under his social security number, a file in the IRS master computer in West Virginia. The form generated by the computer is referred to as the Individual Master File ("IMF"). The IMF consists of one or more pages of coded information for each social security recipient and includes, primarily, **a breakdown of all information relevant to the tax status of the individual concerning the filing of federal income tax forms**, the payment of taxes, refunds due, filing status, number of children, dates of filings, audits, etc." (Emphasis added)

Mr. Powell also admitted that the meaning of "MFR-01" was "1040 not required." This meaning was substantiated with three admitted exhibits, two of them available to the public via the IRS website. The first exhibit was a response to Dominic Maga's earlier Freedom of Information Request (FOIA) request in which he inquired as to the meaning of "MFR-01." In the response the Disclosure Officer confirmed Maga's understanding that "The MFR-01 indicated a 1040 is not required. The MFR is used to identify the types of returns a taxpayer must file." The response was admitted as Exhibit B. Exhibits S and T were also admitted and Mr. Powell, the first government witness, confirmed that Exhibit S is a portion of the manual used to decode the IMF. He confirmed that the meaning of "MFR-01" as being "1040 not required" was found on the second page of Exhibit S in the column under "FR IMF Form No." Mr. Powell also

4

confirmed that Exhibit T was a section of the Internal Revenue Manual addressing IMFOL. The IMFOL was referred to in the glossary of Exhibit S defining the MFR as a source for determining what the values of the MFR codes were. Mr. Powell confirmed that on the fourth page of Exhibit T, in the section under line 7 and position 42 the Mail Filing Requirement value of 01 is "1040 not required."

 Mr. Powell attempted to refute the meaning of "1040 not required" with an explanation that the IRS was not required to mail a 1040 to a taxpayer for a variety of reasons. When questioned by defense counsel, Mr. Powell was not able to offer *any* evidence, let alone substantial evidence, that his version of the meaning of "MFR-01" was applicable to Maga. Nor did Mr. Powell indicate that Dominic Maga was a taxpayer that the IRS was not required to mail a 1040 form to him. In short, three confirmed sources, which were all documented as being from the IRS, indicated that the "MFR-01" found on all of Maga's IMFs meant that a "1040 [was] not required."  Thus, while the law may have indicated that a return must be filed, the IRS appeared to be telling Dominic Maga from three different documented sources that he was not required to file.

 But, the more important question is whether the jury had substantial evidence that Defendant Maga's failure to file a return was willful.

 The government's alleged proof that Maga willfully failed to file tax returns was entirely circumstantial and was based on events that occurred prior to the years in question, i.e. 2002 through 2006. Defendant Maga offered documented proof that he relied on the representation of the IRS. In July of 2000 he received the Disclosure Officers letter telling him that the MFR-01 found on his IMF meant "1040 not required." (Exhibit B) In November of 2005 Maga received IMF' through 2004 (Admitted as Exhibit E). All of these IMFs contained "MFR-01." That Maga

5

relied on these representations from the IRS is clear through Exhibit K, which was admitted and contained his understanding as to why he did not file a return. Exhibit K was the correspondence from Maga to the IRS requesting a Collection Due Process (CDP) hearing. In the section where he was to list his reasons for requesting a CDP hearing Maga stated, "As per IMFs my MFR is 01 (not required to file a return) see attached." Attached was the Disclosure Officer response of July 27, 2000 (also admitted as Exhibit B).

Defendant Maga presented clear and substantial evidence as to why he failed to file. It was due to the representations of the IRS. The government failed to offer any evidence to refute Maga's reliance. In fact, when cross-examined by defense counsel, Special Agent Winters admitted that the government had provided Defendant Maga with a list of destroyed documents (admitted as Exhibit L). These documents consisted of correspondence to the IRS from Maga which were destroyed because they were claimed by some unknown IRS employee to be "frivolous." Because Agent Winters had not seen any of the "frivolous" documents, Agent Winters could not specifically explain why the documents were labeled frivolous. But the net effect was that the IRS through its systematical destruction of correspondence from Maga effectively denied the jury the right to view all of the material facts related to the willfulness issue of Maga's failing to file returns. A more detailed argument of this issue is set forth in the concurrently filed Rule 33 Motion for a New Trial. Furthermore, the only refute by the government came through the government's closing argument that somehow Maga used a secret code, known only to him to interpret the "MFR-01." Yet the evidence was clear that Maga's understanding of the interpretation of "MFR-01" was confirmed through the Disclosure Officer and through two separate sources on the IRS website.

Since the government failed to present any substantial evidence to show Maga's failure to file income tax returns was not willful, it is apparent that the jury failed to follow the jury instruction that states:

> "Furthermore, in the process of forming opinions and beliefs regarding one's liability for income tax, the requirement for one to make certain returns, and any other aspect of income tax law, a person may rely upon statements made by the IRS. The Defendant did so in this case. Any person has a right to rely upon representation and statements made by the government and appearing in official publications or documents. If you believe that the Defendant did rely upon such statements or representations, he is not acting 'willfully' with in the meaning of the law that the Defendant is charged with having violated. This is true even if he misinterprets or misunderstands them."

**E.  Conclusion**

When all of the evidence is viewed in light most favorable to the government, it is clear that Defendant Maga submitted uncontroverted and clear proof that he relied upon statements from three different and substantiated IRS sources that he believed that the "MFR-01" meant he was not required to file. The IRS failed to offer any substantial evidence to the contrary. When a rational juror considers the substantiated evidence submitted by Maga and the lack of evidence submitted by the government, it is impossible for the rational juror not to have a reasonable doubt as to whether Defendant Maga failed to file his income tax returns willfully, if he followed the instructions given by the Court to the jury.

Accordingly, because there was insufficient evidence submitted by the government to prove all the elements of the crime of willfully failing to file income tax returns, the Court must acquit Defendant Maga of all charges.

Dated August 17, 2009.                                        Respectfully submitted,

/s/ *Charles E. McFarland*

7

Charles E. McFarland
Attorney at Law
338 Jackson Rd.
New Castle, Kentucky 40050
(502) 845-2754
mcfarlandc@bellsouth.net

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on the 17th day of August, 2009, a copy of the foregoing Rule 29 Motion for Acquittal was filed using the electronic court filing system, and will be distributed to the following shortly after its filing to:

Dwight K. Keller
Assistant United States Attorney
Southern District of Ohio
602 Federal Building
200 West Second Street
Dayton, Ohio 45402
dwight.keller@usdoj.gov

s/ *Charles E. McFarland*

Charles E. McFarland